Adam J Schwartz (SBN 251831)
e-service: adam@ajschwartzlaw.com
ADAM J SCHWARTZ, ATTORNEY AT LAW
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
P: (323) 455-4016

[Additional counsel appear on signature page]

*Attorney for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| LORETTA WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>PHYSICIAN LABORATORIES INC. d/b/a SEBAMED USA<br><br>Defendant. | Case No. 3:22-cv-04136<br><br>**COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Loretta Williams ("Ms. Williams"), by his undersigned counsel, for this class action complaint against Defendant Physician Laboratories Inc. d/b/a Sebamed USA ("Sebamed USA") and their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, allege as follows:

## I.   INTRODUCTION

1.   <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone

marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff, individually and as class representatives for all others similarly situated, brings this action against Sebamed USA for violations of the Telephone Consumer Protection

Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including her own.

4. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II. PARTIES

5. The Plaintiff is an individual that, at all relevant times, was located in this District.

6. Defendant Physician Laboratories Inc. d/b/a Sebamed USA is an Arizona corporation with a registered agent in California of Robi Fazeli, 9730 Research Dr., Irvine, CA 92618.

## III. JURISDICTION AND VENUE

7. <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff' TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

8. <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over Defendant because their conduct at issue was sent into this District.

9. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—occurred in this District.

10. <u>Intradistrict Assignment</u>: Assignment to this Division is proper pursuant to Civil Local Rule 3-2(c) because a substantial part of the events or omissions that give rise to Plaintiff' claims—namely, the direction of the illegal telemarketing—occurred in this District.

## IV. FACTS

**A. The Enactment of the TCPA and its Regulations**

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B. Defendant's Unsolicited Telemarketing to Plaintiff**

16. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff's residential telephone number is (862) XXX-8453.

18. That number has been on the National Do Not Call Registry since July of 2015 and it has not been removed from the Registry since that time.

19. Ms. Williams uses the number for personal, residential, and household reasons.

20. Plaintiff Williams never consented to receive calls from Sebamed USA.

21. Plaintiff Williams never did business with Sebamed USA.

22. Sebamed USA contacted Ms. Williams's number with at least four telemarketing text messages.

23. These text messages occurred on, at least, June 4 and 9, 2022

24. The text messages are below:



25. The text messages are scripted and clearly sent *en masse*. Multiple of the messages had an indication that they were sent using a computer program, including the ability to send an automated response and the inclusion of a code to be sent to the recipients.

26. Prior to filing this action the Plaintiff contacted Sebamed USA.

27. Sebamed USA did not deny sending the text messages.

28. Before directing their telemarketing to him, Defendant never did anything to confirm that Plaintiff had provided prior express written consent to their telemarketing, and Defendant knew or should have known that Plaintiff had not provided prior express written consent to receive telemarketing calls promoting Defendant's goods or services and that illegal telemarketing was conducted on behalf of Defendant.

29. The telemarketing alleged herein: (A) invaded Plaintiff's privacy and solitude; (B) wasted Plaintiff' time; (C) annoyed Plaintiff; (D) tied up Plaintiff's phone line; and (E) harassed Plaintiff.

## V. CLASS ACTION ALLEGATIONS

30. <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class (the "Class") defined as follows:

> **<u>National Do Not Call Registry Class</u>**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

31. Excluded from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

32. The Class, as defined above, is identifiable through telephone records and telephone number databases.

33. The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

34. Individual joinder of these persons is impracticable.

35. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

36. Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

37. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

38. This class action complaint seeks injunctive relief and money damages.

39. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a. whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    b. whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

    c.  whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

  40. Plaintiff's claims are typical of the claims of the Class.

  41. Plaintiff's claims, like the claims of Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

  42. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

  43. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

  44. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

45. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

46. Plaintiff repeats his prior allegations of this Complaint and incorporates them by reference herein.

47. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

48. Defendant's violations were negligent, willful, or knowing.

49. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

50. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or

other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    A.    Certification of the proposed Class;

    B.    Appointment of Plaintiff as representative of the Class;

    C.    Appointment of the undersigned counsel as counsel for the Class;

    D.    A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

    E.    An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

    F.    An award to Plaintiff and the Class of damages, as allowed by law; and

    G.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

**VI.    DEMAND FOR JURY**

Plaintiff demand a trial by jury for all issues so triable.

**VII.    SIGNATURE ATTESTATION**

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from each of its other signatories.

RESPECTFULLY SUBMITTED AND DATED this 14th day of July, 2022.

By: */s/ Adam J Schwartz*

    Anthony I. Paronich, *Pro Hac Vice Forthcoming*
    anthony@paronichlaw.com
    PARONICH LAW, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, Massachusetts 02043
    Telephone: (617) 738-7080
    Facsimile: (617) 830-0327

    Andrew W. Heidarpour, *Pro Hac Vice Forthcoming*
    aheidarpour@hlfirm.com
    HEIDARPOUR LAW FIRM, PPC
    1300 Pennsylvania Avenue NW, 190-318
    Washington, DC 20004
    Telephone: (202) 234-2727

    *Attorneys for Plaintiff and the Proposed Classes*